(No. 3704—

E. M. MACKEMER AND F. R. MILLER, FORMERLY DOING BUSINESS AS MACKEMER- MOTOR COMPANY, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 8, 1942.*

FREDERICK & FREDERICK, for claimants.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

The record in this case consists of the complaint and its amendments thereto, invoices, report of the Division of Highways and a stipulation signed by the parties that said report shall constitute the record which is in words and figures as follows:

Report of Division of Highways
Court of Claims Case No. 3704.
*E. M. Mackemer, etc.* vs. *State of Illinois.*

At various times during the year 1941, the Division of State Highway Police had several of its cars serviced or repaired by claimants. Due to a change of personnel in the Division of State Highway Police, three of claimants invoices were not scheduled for payment in due course, although they had been presented in apt time.

No question is raised by respondent with respect to claimant's invoices dated March 8, 1941, and May 3, 1941, in amounts, respectively of $2.97 and $0.15. Those invoices had not been scheduled for payment, and the amounts shown on them are due and owing to claimants.

June 26, 1941, claimants presented the third invoice of their claim in amount $7.26. This invoice was not scheduled for payment. On July 21, 1941, claimants submitted an invoice in amount $4.95. This invoice was scheduled for payment in due course and payment made to claimants by State Warrant No. 162044. An investigation shows that most of the items of labor and materials shown on June 26, 1941, invoice were the same as those shown in the July 21, 1941, invoice. Claimants acknowledge this to be true and are agreed that the total of their June 26, 1941 invoice should, therefore, be $2.32 rather than $7.27. The total of claimants' claim thus becomes $5.44 instead of $10.39 as given in their complaint.

An appropriation was in existence and funds were available from which claimants' invoices would have been paid had they been scheduled for payment in apt time, but the aforesaid appropriation had lapsed before the invoices came to the attention of the administrative department of the Division of State Police for scheduling.

M. K. LINGLE,
Engineer of Claims.

May 29, 1941.

In this case the amount involved is not disputed, and it is admitted that the services were rendered as set out in the amendment to the complaint.

This claim falls within the rule as announced in the *Indian Motorcycle* vs. *State,* 9 C. C. R. 527, and *Rock Island Sand and Gravel Company* vs. *State,* 8 C. C. R. 165.

An award is therefore entered in favor of the claimant in the sum of Five Dollars and Forty-four cents ($5.44).